[Civ. No. 3876. Fourth Dist. Dec. 16, 1949.]

ERNEST L. PRITCHARD et al., Respondents, v. FRANK L. WHITELOCK et al., Appellants.

Surr & Hellyer for Appellants.

John W. Preston and John W. Preston, Jr., for Respondents.

BARNARD, P. J.—This is an appeal from a judgment holding that section 7.24 of the bylaws of Crestline Village Mutual Service Company is invalid; decreeing that an ''assessment, or maintenance charge,'' of $17 per lot levied against each lot in the district is void and unenforceable; and enjoining the defendants, individually and as directors of that corporation, from collecting or attempting to collect ''said assessment or levy'' or any part thereof.

This action involves the same corporation as does the case of *Pritchard* v. *Crestline Village Mutual Service Company, post,* p. 151, this day decided. The three defendants herein were all of the directors of that corporation. Of the 6,150 issued shares of stock the defendant Whitelock owned 3,773 shares, only two of which were ''attached'' to any lot within the district served by the company.  Two thousand three hundred and sixty-nine

issued shares were attached to lots within the district, but 1,500 of these lots had no actual water connection. There were also other lots within the district which had no share attached and no service connection.

The bylaws of the corporation authorized the directors to levy assessments upon all the issued shares of stock provided that the same amount should be assessed against each share; authorized the corporation to levy and collect from the shareholders water tolls and charges and to make such tolls and charges a lien against the shares; authorized the directors to fix the charges or tolls payable for water furnished, for other services rendered, and to levy, collect and enforce assessments against the shares of stock; provided that all charges are made a lien upon the shares and may be foreclosed if the charges are not paid; and provided that before delivery of water should be made to any lot, a share of stock must be designated for that purpose, and that the share is then deemed "attached" to the lot so designated.

In June, 1947, the defendant Whitelock mailed to each stockholder a letter stating that "We have 2369 shares of outstanding stock that is assessable," and suggesting that "if an assessment of $30.00 per share were levied" this would bring in an amount sufficient to pay the company's debts, make certain improvements and pay operating expenses, with a small surplus. At a meeting of the stockholders of the company on July 26, 1947, a motion that the directors be instructed to levy an assessment of $30 per share on the entire issued stock was opposed by Mr. Whitelock, who owned the unattached shares, and defeated by votes representing a majority of the stock. Thereupon a motion was made to instruct the directors to provide for a $17 assessment against each lot instead of against shares of stock. This motion was carried.

After the stockholders' meeting adjourned and on the same day, the board of directors, upon their own written consent as majority stockholders, adopted section 7.24 of the bylaws. This section provides that an annual "maintenance charge" may be imposed for the purpose of providing additional revenue for operating expenses, improvements, paying debts and other corporate purposes; that this charge shall be a stated amount for each lot within the "district," as such district is provided for in section 7.10 of the bylaws; that for convenience the maintenance charge is referred to as "levied against the lots"; that the charge for any year shall be fixed by the

directors and shall not exceed $25 per lot; that the owner of any lot shall be personally liable for the payment of such maintenance charges levied against such lot; and that all provisions of the bylaws applicable to assessments, tolls and charges shall be applicable to "the maintenance charges and its collection." Section 7.10 of the bylaws, thus referred to, provides that the expression "district" as used in the bylaws "means all those certain lots and land area at Crestline (including Skyland in the San Bernardino Mountains) under the water distribution system of the Company on July 27, 1946, or capable of being served therefrom, and such other lots and land area as the Board of Directors may from time to time by majority vote add to or include within the area to which water will be delivered by the company." On the same day, July 26, 1947, the board of directors adopted a resolution ordering "that a maintenance charge of $17.00 per lot for the year 1947 be and the same is hereby levied against the lots of the District pursuant to the provisions of section 7.24 of the bylaws."

This action was brought by three of the lot owners, who were also shareholders, on their own behalf and for all other shareholders of this corporation who were similarly situated. The court found, among other things, that the articles of incorporation of this company do not authorize or empower the corporation or its board of directors to levy assessments against the lots of its customers or members; that the board of directors had, and has, power to fix a reasonable amount to be charged for water; and that the levy of $17 against each lot in the district did not and does not bear any proper relation to the amount of water used and the cost of production and delivery thereof to each lot. As conclusions of law, it was found that under the articles of incorporation the power of the corporation to collect water charges must bear a reasonable relation to the amount of water used and to the cost of production and delivery thereof; that the assessment or levy of $17 per lot was made for the purpose of retiring the capital indebtedness and to provide additional working capital, and was not a proper charge for water or a proper maintenance charge; that both bylaw 7.24 and the assessment or levy of $17 per lot made thereunder are void; that the act of making this assessment or levy was beyond the power of the corporation; and that the plaintiffs and those represented by them are entitled to an injunction restraining the defendants, both as individuals and as directors of the corporation,

from collecting or attempting to collect this assessment or levy of $17 per lot. Judgment was entered accordingly, and the defendants have appealed.

It may first be observed that while the holder of the majority of the issued stock in this corporation had certain rights, including a controlling voting power in the affairs of the corporation, as was held in the companion case, that very fact creates a situation which might well lead to an abuse of that power in a corporation organized for the mutual benefit of its stockholders, and to a use of that power which would unfairly and unjustly affect the rights of the minority stockholders. Under such circumstances it would seem clear that, in reviewing any act done through the use of such power, a court of equity should carefully consider the entire situation and should hold the majority stockholders to a strict observance of all provisions of the articles and bylaws under which any such action is purportedly taken. The maintenance charge here in question was apparently adopted, and intended, as a substitute for an obviously illegal assessment. The question whether it was within the legal powers conferred upon the directors should be carefully scrutinized, and those powers strictly construed.

The appellants first contend that the complaint in this action stated no cause of action against them; that in adopting the resolution levying this maintenance charge they, as the board of directors, acted for the corporation and not for themselves; that theirs was a corporate act; that when the resolution was adopted they, as directors, were finished with their task; that there is nothing to suggest that they intend or threaten to take any future action; that any steps later taken to collect this maintenance charge will necessarily be those of the corporation; that the corporation itself was not made a party to the action; and that an injunction of this character cannot be issued to redress a wrong which has already been consummated.

The complaint alleged that the defendants, acting together as the board of directors, unless restrained, will assert a lien against the plaintiffs' shares of stock and the shares of all other lot owners in said area, and will attempt to sell their said stock and will thereby create a cloud upon the title of the lots of all such stockholders in said area. The president and majority stockholder testified that a large amount had been paid under this levy and that payments were being collected daily. The only possible inference from the evidence, as a

whole, is that the intention was and is to proceed to collect the amounts thus levied, and to use the proceeds for certain purposes unless the officers of the corporation are prevented from so doing. The argument made is more ingenious than convincing. The corporation could act only through these officers and directors, who are the defendants here, and the judgment runs against them individually and as members of the board of directors. It is idle to say that they intended no further action and that their only wrongful act had already been consummated. If it be assumed that the appellants will take no further action toward enforcing and collecting this levy they are in no way aggrieved by the judgment as entered. The judgment runs against the directors of the corporation as such and, with respect to the first point raised, no valid reason appears why it should be set aside.

The only other point raised by the appellants is that the $17 levied is a valid service and maintenance charge, that it was authorized by a bylaw adopted by the written consent of the owners of a majority of the stock and levied by a resolution regularly passed by the board of directors, and that there is no evidence to show that the charge thus made was an unreasonable one.

The articles of incorporation authorized the corporation to levy and collect from the shareholders water tolls and charges, to make such tolls and charges a lien against the shares of stock, to withhold delivery of water while any such charges were delinquent, and to withhold transfer of shares while subject to the lien of any unpaid tolls or charges. The corporation was also authorized to levy equal assessments upon the issued stock of the corporation. There was no provision in the articles authorizing the corporation to levy assessments or charges against lots in the district, as such. Article 7.24 of the bylaws, as adopted immediately prior to this levy, is not only inconsistent with the articles of incorporation but purported to authorize a maintenance charge ''levied against the lots,'' to be imposed upon each and all of the lots in the district as provided for in section 7.10 of the bylaws. That section provided that the district, as used in the bylaws, included all of the lots in two mountain communities which were under the water distribution system of the company, or capable of being served therefrom, and also such other lots as the board of directors might from time to time add to or include within the area. It is conceded that no services were

supplied by this corporation other than the furnishing of water through its existing water mains, that 1,500 lots in the district which had attached shares had no actual water connections, and that there were other lots within the district which had neither shares attached nor service connections. It further appears, as the court found, that the maintenance charge thus levied bore no reasonable relation to the amount of water used or furnished to the respective lots, or to the cost of production and delivery to such lots. How such a corporation, because it hoped at some time in the future to supply water to some of its shareholders throughout a somewhat indefinite and expandable area could, by calling it a maintenance charge, directly levy an assessment or charge upon lots owned by persons not connected with the corporation and not receiving water, is not explained. This purported levy was not only not authorized by the articles of incorporation, but it amounted to an attempted assessment against all of the lots within a certain area which was likewise beyond the power of the corporation. The court's findings and conclusions are supported by the record.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 8, 1950.